J-S46006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD LEWIS | : | |
| | : | |
| Appellant | : | No. 1503 WDA 2022 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000447-2018

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: February 16, 2024**

Appellant, Richard Lewis, appeals from the December 1, 2022 Order denying and dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, as untimely.  During the pendency of the instant appeal, Appellant's maximum sentence expired, and he became ineligible for relief under the PCRA.  We, therefore, affirm.

On July 13, 2021, a jury convicted Appellant of, *inter alia*, Unlawful Contact with a Minor.[1]  On July 26, 2021, the trial court sentenced Appellant to an aggregate term of 6-24 months of imprisonment, with credit for 14 days

---

[1] 18 Pa.C.S. § 6318(a)(1).  The jury also convicted Appellant of one count each of Endangering the Welfare of Children, Corrupting the Morals of a Minor, and Indecent Assault of a Child under the Age of Sixteen.  He received a sentence of No Further Penalty on each of these counts.

of imprisonment previously served.[2]  As a condition of his sentence, Appellant was also required to register as a sex offender pursuant to 42 Pa.C.S. § 9799.23.

Appellant timely filed a post-sentence motion, which the trial court denied on September 21, 2021.  He did not file a direct appeal.

On April 21, 2022, Appellant filed a timely PCRA Petition asserting, *inter alia*, that his trial counsel was ineffective for failing to file a direct appeal.  The PCRA Court appointed the Public Defender's Office.  Appellant's counsel, Tyler Schultz, Esq., then filed an amended petition on July 27, 2022.  The PCRA court issued its notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907(1) on November 8, 2022, and dismissed the PCRA on December 1, 2022.  Appellant filed a timely Notice of Appeal.

Attorney Schultz initially failed to file a brief in this Court, so we remanded the case for 30 days to determine if counsel had abandoned Appellant.  The trial court responded in an order issued June 22, 2023, informing this Court that counsel still represented Appellant but never received a briefing schedule.  Additionally, on July 10, 2023, Appellant filed an Application for Relief in this Court, asserting that he had not heard from his attorney and that he wished to retain private counsel.  In response, we re-set the briefing schedule.

---

[2] **See** Supplemental Statement in lieu of Opinion, 7/23/2023, at 1 (unpaginated).

On September 11, 2023, PCRA counsel filed An Application to Withdraw as Counsel along with a **Turner/Finley** "no-merit" letter.[3]  Appellant did not file a response.[4]

Appellant's maximum sentence of 24 months of imprisonment expired on July 11, 2023, during the pendency of this appeal.

\*

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error.  **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016).  "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings."  **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]"  42 Pa.C.S. § 9543(a)(1)(i).  A petitioner who has completed his sentence is no longer eligible for post-conviction relief.  **Commonwealth v. Soto**, 983 A.2d 212,

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Attorney Schultz stated that Appellant sent him a letter in February 2023 asserting that he was ineffective as PCRA counsel.  Application to Withdraw, 9/11/2023, at 2 (unpaginated) (the Application states that Appellant sent the letter in February 2022, but also that he sent it after Attorney Schultz filed the Statement of Errors, which was in February 2023).  However, that letter is not included in the certified record.

213 (Pa. Super. 2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition."). *See also Commonwealth v. Plunkett*, 151 A.3d 1108, 1112-13 (Pa. Super. 2016) (affirming the PCRA court's order denying relief where the petitioner's sentence expired while his appeal from the PCRA court's order was pending before this Court).

Additionally, collateral consequences of a criminal conviction, including sex offender registration, do "not qualify as a sentence of incarceration, probation, or parole," and therefore do not allow a petitioner to remain eligible for PCRA relief while they are subject to those conditions. *Williams*, 977 A.2d at 1177.

Here, Appellant's maximum sentence expired on July 11, 2023. Appellant has completed his sentence and is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's Order dismissing Appellant's PCRA Petition.

In light of our disposition, we need not address whether Attorney Schultz met his obligations pursuant to *Turner/Finley*. Attorney Schultz's Application to Withdraw is granted.

Order affirmed.  Application to Withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/16/2024